UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
KAREEM MARTIN,                                                         *DKT#:*  1:14-cv-04772-SAS

                           Plaintiff,                                          **COMPLAINT**

        - against -                                                              **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK,                                         **ECF CASE**
P.O. ASARE (Shield # 12810), and
P.O. "JOHN DOE" #1-2, individually and in their
official capacities (the name John Doe being fictitious
as the true names are presently unknown),

                           Defendant.
------------------------------------------------------------------------x

        Plaintiffs, KAREEM MARTIN, by his attorneys, TREYVUS & KONOSKI, P.C., complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983, 1985, and 1988, and the First, Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, KAREEM MARTIN, is a citizen of the United States and at all relevant times a resident of the City and State of New York.

7. THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. THE CITY OF NEW YORK, maintains the New York City Police Department, a duly organized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, P.O. ASARE (Shield # 12810), and P.O. "JOHN DOE" #1-10, were duly sworn police officers of the New York City Police Department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York or THE CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by THE CITY OF NEW YORK.

## FACTS

13. On or about May 15, 2014, the Plaintiff was at an apartment building located at 30 Richmond Plaza in the County of the Bronx, City and State of New York.

14. At approximately 1:00 p.m. the Plaintiff walked out of his girlfriend's apartment and was at the elevator of the building.  The Plaintiff was on the 14th Floor.

15. The Plaintiff was also with a friend as he was attempting to leave the building.

16. As the Plaintiff and his friend were at the elevator, P.O. ASARE and P.O. "JOHN DOE" # 1-2 approached the Plaintiff and his friend with guns drawn and placed the Plaintiff under arrest.

17. The Plaintiff's friend ran from the police when the police arrived, but was quickly apprehended.

18. The Plaintiff did not run from police or attempt to resist in any way.

19. At the police precinct, the Plaintiff was informed by the Defendant police officers that he was arrested for possession of a gun.

20. The Plaintiff did not possess a gun.

21. The Defendant police officers did not recover a gun from the Plaintiff.

22. The Defendant police officers did not recover a gun from the Plaintiff's friend.

23. The Plaintiff was in police custody for approximately 3 hours.

24. The Plaintiff was released from custody without any criminal charges.

25. The Plaintiff was not criminally charged on May 14, 2014.

26. The Plaintiff committed no crime on May 14, 2014.

27. The Defendant police officers did not have probable cause to arrest the Plaintiff.

28. As a result of the foregoing, plaintiff sustained, <u>inter alia</u>, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

29. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

31. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and in violation of 42 U.S.C. § 1983

32. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

33. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York Police Department, all under the supervision of ranking officers of said department.

34. Defendants collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C § 1983

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. As a result of defendants' aforementioned conduct, plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants without any probable cause, privilege or consent.

37. That the detention of the plaintiff by the defendants was objectively unreasonable and in violation of Plaintiff's constitutional rights.

38. As a result of the foregoing, plaintiff sustained, inter alia, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## THIRD CLAIM FOR RELIEF
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. Defendants subjected the Plaintiff to excessive force, false arrest, and a protracted and unreasonable traffic stop of the Plaintiff.

41. The acts complained of were carried out by the aforementioned defendants in their capacities as police officers and officials with all the actual and/or apparent authority attendant thereto.

42. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies,

usages, practices, procedures, and rules of THE CITY OF NEW YORK, all under the supervision of ranking officers of the New York City Police Department.

43. The aforementioned customs, polices, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, include but are not limited to the following unconstitutional practices:

(a) Failing to properly train, in general;
(b) Failing to supervise police officers;
(c) Subjecting persons to violations of their constitutionally protected rights;
(d) Subjecting persons to excessive force.
(e) Subjecting persons to false arrest.

44. The foregoing customs, policies, usages, practices, procedures and rules of the THE CITY OF NEW YORK and the New York City Police Department constituted a deliberate indifference to the safety, well-being, and constitutional rights of the Plaintiff.

45. The foregoing customs, policies, usages, practices, procedures and rules of the THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

46. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of plaintiff's constitutional rights, for which THE CITY OF NEW YORK is liable.

47. As a result of the foregoing, plaintiff sustained, <u>inter alia</u>, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## **DAMAGES AND RELIEF REQUESTED**

48. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49. All of the foregoing acts by defendants deprived Plaintiff of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from unwarranted and malicious criminal prosecution;

    D. To receive equal protection under the law.

50. By reason of the aforesaid conduct by defendants, plaintiff is entitled to the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees pursuant to 42 U.S.C. § 1988, as well as costs and disbursements of this action, and any further relief as the Court may find just and proper.

**WHEREFORE,** Plaintiff demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs and disbursements of this action.

Dated: New York, NY
      June 22, 2014

By: */s/ Bryan Konoski*
_____
BRYAN KONOSKI (BK2325)
Treyvus & Konoski, P.C.
*Attorney(s) for the Plaintiff*
305 Broadway, 14th Floor
New York, NY 10007
(212) 897-5832